23-7944
*Walton v. Comfort Systems USA (Syracuse), Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

DAVID WALTON, individually and on behalf of all other persons similarly situated,

> *Plaintiff-Appellant,*

KEVIN T. MADDISON, individually and on behalf of all other persons similarly situated,

> *Plaintiff-Counter-Defendant-Appellant,*

> v.                                                    No. 23-7944

COMFORT SYSTEMS USA (SYRACUSE), INC., doing business as ABJ Fire Protection Co., Inc.,

*Defendant-Counter-Claimant-Appellee.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT AND PLAINTIFF-COUNTER-DEFENDANT-APPELLANT: | JASON J. ROZGER, Menken Simpson & Rozger LLP, New York, NY, *for Plaintiff-Appellant and Plaintiff-Counter-Defendant-Appellant*. |
| FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE: | JESSICA F. PIZZUTELLI, Littler Mendelson, P.C., Fairport, NY, *for Defendant-Counter-Claimant-Appellee*. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 3, 2023, is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Kevin Maddison and David Walton sued their former employer, Defendant-Appellee Comfort Systems, seeking to recover prevailing wages under New York Labor Law ("NYLL") § 220, among other relief. We assume the parties' familiarity with the underlying facts, procedural history, and

arguments on appeal as set forth in our prior opinion. *See generally Walton v. Comfort Systems USA (Syracuse), Inc.*, 155 F.4th 144 (2d Cir. 2025) ("*Walton I*").

The district court granted Comfort Systems' motion for partial summary judgment on all prevailing wage-related causes of action for three independent reasons: (1) the public works contracts did not affirmatively state that Comfort Systems would pay prevailing wages; (2) the contracts shortened the applicable statute of limitations to one year; and (3) fire alarm testing and inspection work is not the type of work subject to prevailing wages under § 220. *See Maddison v. Comfort Systems USA (Syracuse), Inc.*, 5:17-cv-0359, 2020 WL 950288, at *4–*7 (N.D.N.Y. Feb. 27, 2020).

Plaintiffs appealed, challenging each of the bases for summary judgment. In *Walton I*, we held that Plaintiffs, as fire alarm inspectors and testers, were subject to § 220, the prevailing wage statute. *Walton I*, 155 F.4th at 147, 151–54. But the other two bases for summary judgment—that the contracts did not contain an explicit promise to pay prevailing wages but did shorten the applicable statute of limitations—implicated important open questions of New York law for which we could not predict the New York Court of Appeals' answers. *Id.* at 154, 160–61, 162.

3

We therefore certified two questions to the New York Court of Appeals.[1] *Id.* at 163.

The Court of Appeals accepted the certified questions, *Walton v. Comfort Systems USA (Syracuse), Inc.*, 44 N.Y.3d 999 (2025), and recently issued a decision answering them both, *Walton v. Comfort Systems USA (Syracuse), Inc.*, No. 53, -- N.Y.3d --, 2026 WL 1790858 (June 23, 2026) ("*Walton II*"). As to the first certified question, the Court held that "the promise to pay prevailing wages is implicit in every public works contract by operation of [NYLL] § 220(3)(a) such that an employee on a public work project is a third-party beneficiary of that contract." *Walton II*, 2026 WL 1790858, at *3.[2] Thus, under New York law Plaintiffs here may pursue a third-party beneficiary contract claim against Comfort Systems for prevailing wages even if Comfort Systems' public work contracts did not

---

[1] The two questions read as follows: "(1) Is the promise to pay prevailing wages implicit in every public works contract so that individuals employed on public works projects may sue their employers for breach of contract to enforce the prevailing wage requirement under NYLL § 220 even if the employer's written contract does not include the statutorily required promise to pay prevailing wages?" and "(2) Are agreements to shorten the statute of limitations in public works contracts to one year enforceable against workers bringing third-party beneficiary breach of contract claims to enforce the prevailing wage law?" *Walton I*, 155 F.4th at 163.

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

expressly include a commitment to pay prevailing wages. *See Walton I*, 155 F.4th at 154–61.

As to the second certified question, the New York Court of Appeals held that "an agreement in a public works contract to shorten the limitation period governing third-party claims for prevailing wages guaranteed by [NYLL] § 220 is not enforceable." *Walton II*, 2026 WL 1790858, at *4. Accordingly, the one-year limitation in Comfort Systems' public work contracts is unenforceable as against Plaintiffs' third-party beneficiary claims. *See Walton I*, 55 F.4th at 161–62.

\* \* \*

For the above reasons, the district court's judgment is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

5